UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

QUANG VAN NGUYEN,

                    Petitioner,

        -against-

UNITED STATES OF AMERICA,

                    Respondent.

----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & DECISION**
97-CV-1592 (CBA)

AMON, United States District Judge.

      Petitioner Quang Van Nguyen, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. This Court denied that petition, finding that it had been timely filed in accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), but that Nguyen's claims of ineffective assistance of counsel failed on the merits. See Nguyen v. United States, No. 97-CV-1592 (E.D.N.Y. Feb. 26, 1999). More than two years later, Nguyen filed a motion for reconsideration, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and requested leave to amend his petition, pursuant to Rule 15(c).[1]

      Rule 60(b)(6) provides, in pertinent part, that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation

---

[1] Unfortunately, this motion was not logged in correctly in Chambers, and the Court only recently became aware it was outstanding.

1

of the judgment." However, "[s]ince 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Nguyen argues in his motion for reconsideration that the Court incorrectly denied his petition for being untimely, as the Court did not consider Mickens v. United States, 148 F.3d 145, 148 (2d Cir. 1998), in which the Second Circuit held that the statute of limitations established by AEDPA did not apply to habeas petitions filed on or before April 24, 1997. Contrary to Nguyen's assertions, this Court applied Mickens and found that Nguyen's petition was timely, but denied the petition on the merits. See Nguyen v. United States, No. 97-CV-1592 (E.D.N.Y. Feb. 26, 1999). Nguyen's argument is thus unavailing and his motion for reconsideration is denied.

In addition, more than two years after his habeas petition was dismissed, Nguyen requests that this Court grant him leave to amend his habeas petition to add new grounds for relief pursuant to Rule 15(c). The short answer to this request is that there is no outstanding habeas petition to amend. Thus Nguyen's Rule 15(c) motion to amend his habeas petition is also denied.

Accordingly, Nguyen's Rule 60(b) motion for reconsideration and his Rule 15(c) motion to amend his habeas petition are DENIED. A certificate of appealability will not be issued because petitioner has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(e)(2).

SO ORDERED.

Dated: Brooklyn, New York
November 7, 2006

Carol Bagley Amon
United States District Judge